**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **PAUBLO RIVERA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF WORCESTER, RICHARD BURGOS, individually and in his official capacity as a police officer in the City of Worcester, JAMES O'ROURKE, individually and in his official capacity as a police officer in the City of Worcester, FRANCIS BARTLEY, individually and in his official capacity as a police officer in the City of Worcester, and GARY J. GEMME, individually and in his official capacity as the Police Chief of the City of Worcester,**<br><br>**Defendants.** | ) | **Civil Action No. 4:12-cv-40066-TSH** |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS**
**October 26, 2012**

**HILLMAN, J.**

## Introduction

Paublo Rivera ("Plaintiff") alleges he was unlawfully arrested and jailed for nine months on armed robbery charges based on misidentifications made by three Worcester police officers from a surveillance camera still photograph. Plaintiff has brought suit against the City of Worcester, Police Chief Gary J. Gemme, Detectives Richard Burgos and James O'Rourke, and Officer Francis Bartley ("Defendants") asserting claims under federal and state law. Specifically, the First Amended Complaint alleges four counts: false imprisonment (Count One),

negligence (Count Two), failure to supervise and/or failure to train (Count Three), and a violation of federal civil rights under 42 U.S.C. § 1983 (Count Four) (Docket No. 3-10). On June 5, 2012, Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Docket No. 4).[1] For the reasons set forth below, I deny the motion on all counts, however, as it pertains to Count Two, I deny the motion without prejudice and grant the Plaintiff leave to file a further amended complaint as to this claim.

**Background**

The underlying events began on May 8, 2010 when an armed robbery took place at a Honey Farms Store located at 64 Vernon Street, Worcester, Massachusetts. *Pl.'s 1st Am. Compl.* ¶ 7. Following an investigation into the incident by the Worcester Police Department, still photographs of the perpetrator were taken from the store's surveillance system and posted in the police station so members of the department could aid in indentifying the suspect. *Id.* ¶¶ 12-13. Plaintiff is approximately 5′ 9″ tall. *Id.* ¶ 24. The victim of the robbery, Donald Sutton, told investigators that the suspect was approximately 4′ 11″. *Id.* ¶ 20; *Quinn Aff.* 7. The surveillance video in police custody showed Mr. Sutton, who is 5′ 11″, standing near the suspect and there was a marked difference between their heights. *Pl.'s 1st Am. Compl.* ¶¶ 21-23. Moreover, the video showed that the suspect had a tattoo on his hand which the Plaintiff does not have. *Pl.'s 1st Am. Compl. Ex. 1*, at 2.

Detectives Richard Burgos and James O'Rourke, and Officer Francis Bartley ("Officers") each viewed the photograph displayed in the police station. *Pl.'s 1st Am. Compl.* ¶¶ 14-17. Detective Burgos identified the suspect in the photograph as the Plaintiff. *Id.* ¶ 14. Detective

[1] Defendants also moved to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficiency of process as to the Officers (Docket No. 4). This Court granted Plaintiff's motion seeking additional time to serve process on the Officers (Docket Nos. 8, 13). At this time, all Defendants have been served sufficiently thus a motion to dismiss on these grounds is moot (Docket Nos. 3-3, 3-12, 10, 11, 12).

O'Rourke and Officer Bartley also confirmed that the suspect was the Plaintiff but only after a side-by-side comparison with a photograph of the Plaintiff already on file. *Id.* ¶¶ 15-17. The department conducted neither a lineup nor a photo array. *Id.* ¶ 19. As a result of the Officers' positive identifications, Detective O'Rourke executed an affidavit in support of an arrest warrant for the Plaintiff. *Id.* ¶¶ 18, 25. Plaintiff was arrested and incarcerated from June 7, 2010 until March 11, 2011 when prosecutors determined that he had been misidentified as the suspect of the May 8th robbery. *Id.* ¶¶ 26-27.

## **Legal Standard**

At the inception of every case, plaintiffs carry the burden to plead "a short and plain statement of the claim" demonstrating that the court has jurisdiction over their matter and that they are entitled to the relief they seek. Fed. R. Civ. P. 8(a)(1)-(3). This standard set forth in Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (internal citations omitted). Defendants may move to dismiss plaintiffs' actions for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For a complaint to survive such a motion, it must evince the requisite factual detail that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

The facts underlying the cause of action must, at the very least, be "plausible." *Fitzgerald v. Harris*, 549 F.3d 46, 52 (1st Cir. 2008), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 559, 127 S. Ct. 1955 (2007) (noting that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). The court is obligated to accept these factual accounts contained within the complaint as true and draw all reasonable inferences

in plaintiffs' favor. *See Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004 & Supp. 2012). Although courts show great deference to plaintiffs, Rule 12(b)(6) is not rendered a "toothless tiger." *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989); *see also Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) ("We hasten to add, however, that this deferential standard does not force [a] court to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited."). In fact, this standard requires that plaintiffs' facts "nudge" the alleged claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (internal citations omitted). Dismissal is appropriate where plaintiffs' well-pleaded facts do not "possess enough heft to show that appellants are entitled to relief." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008); *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (granting a motion to dismiss is necessary if a complaint cannot set out "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory").

## **Discussion**

### I. *Count One – False Imprisonment*

Establishing a claim of false imprisonment requires proof that the Officers intentionally and unlawfully confined[2] the Plaintiff without his consent. Restatement (Second) of Torts § 35 (1965). Plaintiff alleges that the Officers unlawfully provided the information used to procure the arrest warrant which led to Plaintiff's imprisonment. *See, e.g.*, *Burke v. Town of Walpole*, 405 F.3d 66, 81 (1st Cir. 2005) ("A Fourth Amendment violation may be established if a [plaintiff]

---

[2] The First Circuit has held that "'confinement' can be imposed by physical barriers or physical force, . . . . [or even] threats of physical force . . . [which] may be implicit [or] explicit, . . . , and that confinement can also be based on a false assertion of legal authority to confine." *McCann v. Wal-Mart Stores, Inc.*, 210 F.3d 51, 53 (1st Cir. 2000) (internal citations omitted).

can show that officers acted in reckless disregard, with a high degree of awareness of [the] probable falsity of statements made in support of an arrest warrant.") (internal quotations omitted).

The Officers claim they are entitled to qualified immunity under the Massachusetts Tort Claims Act ("MTCA"). *See* Mass. Gen. Laws ch. 258, §§ 10(b)-(c); *Def.'s Mem. Supp. Mot. Dismiss*, 7, 9. Moreover, the Officers claim that any alleged negligence during their criminal investigation is equally entitled to qualified immunity so long as they acted "in good faith, without malice and without corruption." *Cachopa v. Town of Stoughton*, 72 Mass. App. Ct. 657, 665, 893 N.E.2d 407 (Mass. App. Ct. 2008). The First Circuit follows a two-part test for determining when qualified immunity applies to public employees: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) . . . whether the right was 'clearly established' at the time of the defendant's alleged violation." *Jones v. Scotti*, No. 11-2213, 2012 WL 4373655, at *3 (1st Cir. Sept. 26, 2012) (quoting *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808 (2009))). Here, it is plausible that Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures was violated at the time of his arrest and incarceration. *See* U.S. Const. amend. IV; *Martinez-Rodriguez v. Guevera*, 597 F.3d 414, 420 (1st Cir. 2010) ("It is clearly established law that the Fourth Amendment requires that arrests be based upon probable cause." (citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223 (1964))). Accordingly, the Court finds that Plaintiff has satisfied his burden pursuant to Rule 8, therefore, Defendants' Motion to Dismiss as to Count One is denied.

## II. *Count Two – Negligence*

Plaintiff alleges that liability extends to Worcester based upon the Officers' negligence during the investigation.[3] In support of their motion to dismiss, however, Worcester argues for qualified immunity protection and relies on several exceptions to governmental liability under the MTCA. *See, e.g.*, Mass. Gen. Laws ch. 258, §§ 10(b), (h). Section 10 of Chapter 258 is the codification of the common law "public duty rule"[4] which "provide[s] governmental immunity where the government owe[s] the plaintiff no duty different from the duty owed to the general public." *Lawrence v. City of Cambridge*, 422 Mass. 406, 408, 664 N.E.2d 1 (Mass. 1996). In other words, "[t]he essence of the public duty rule is that a plaintiff harmed by government action is required to show that he or she had a demonstrable right to expect protection *different from*, and *more extensive than*, the protection owed to the public at large." *Cyran v. Ware*, 413 Mass. 452, 456 n.4, 597 N.E.2d 1352 (Mass. 1992) (emphasis added). The exception under Section 10(b) protects municipalities from suits "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused." Mass. Gen. Laws ch. 258, § 10(b). The exception under Section 10(h) protects municipalities from suits for "failure to establish a police department or a particular police protection service, or if police protection is provided, for failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes,

[3] This count incorporates by reference all paragraphs contained in the Complaint, including the previous count of false imprisonment. Plaintiff, however, fails to expand on how Worcester remains liable for the allegedly negligent actions of its employees. To that end, it is not the Court's responsibility to divine a theory for the Plaintiff. This count simply makes a conclusory statement that Worcester is liable for Plaintiff's injuries and that Plaintiff properly satisfied his duty of presentment under Mass Gen. Laws ch. 258.

[4] Section 10 clarified the "public duty rule" after the Supreme Judicial Court of Massachusetts ("SJC") announced its plan to abolish the rule in the future due to its ambiguous interpretation and lack of predictability within the courts of the Commonwealth. *See Jean W. v. Commw.*, 414 Mass. 496, 500-01 n.5, 610 N.E.2d 305 (Mass. 1993) (Liacos, C.J., concurring). *See also Estate of Davis v. United States*, 340 F. Supp. 2d 79, 91 n.9 (D. Mass. 2004); *Gallego v. Wilson*, 882 F. Supp. 1169, 1172 (D. Mass. 1995).

identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law." *Id.* § 10(h).

Specifically, Section 10(h) has been construed to "immunize a municipality when the criminal acts of a third person are a cause of a plaintiff's harm, and the police were negligent in not preventing that criminal conduct." *Carleton v. Town of Framingham*, 418 Mass. 623, 629, 640 N.E.2d 452 (Mass. 1994) (police immunized for failing to pull over and detain a suspicious driver who later killed the plaintiff in a drunk driving accident); *see also Ariel v. Town of Kingston*, 69 Mass. App. Ct. 290, 293, 867 N.E.2d 367 (Mass. App. Ct. 2007) (police immunized for failing to properly direct traffic which resulted in an accident that injured the plaintiff); *Ford v. Town of Grafton*, 44 Mass. App. Ct. 715, 723-24, 693 N.E.2d 1047 (Mass. App. Ct. 1998) (police immunized for failing to arrest a former spouse who violated his protective order and later shot the plaintiff). If, however, "the *police officer's* negligent conduct was the direct and primary cause of the harm in question," then Section 10(h) does not provide immunity. *LeSiege v. Town of Sturbridge*, No. 09-cv-30044-MAP, 2010 WL 1663991, at *4 (D. Mass. Mar. 24, 2010) (emphasis added).

Here, Worcester's reliance on Section 10(h) is unpersuasive because it seeks to expand the meaning of this section to protect municipalities from suits for failures *during* their investigations, *i.e.*, this section would immunize Worcester for any improprieties in the investigation that led to Plaintiff's arrest. A more complete reading of this section in conjunction with relevant case law, however, demonstrates that it bars suits alleging a failure *to* investigate, *i.e.*, municipalities cannot be sued for sins of omission, either in establishing a police force or in adequately protecting their citizenry. *See Fares v. Mulligan*, Civ. A. No. 91-12546-RCL, 1994 WL 600656, at *10 (D. Mass. July 26, 1994). Therefore, because the Plaintiff is challenging

whether the Officers acted negligently during their investigation to establish the probable cause required for obtaining the arrest warrant, Section 10(h) does not apply.

Notwithstanding Worcester's Section 10(h) argument, its Section 10(b) argument is more convincing. The issue under Section 10(b) is what constitutes a "discretionary function." In *Harry Stoller & Co. v. City of Lowell*, the SJC adopted a two-part test: (1) "whether the governmental actor had any discretion at all as to what course of conduct to follow. . . ." and (2) "whether the discretion that the actor had is that kind of discretion for which § 10(b) provides immunity from liability." 412 Mass. 139, 141, 587 N.E.2d 780 (Mass. 1992). Worcester relies on *Sena v. Commonwealth*, where the court held that "decisions of law enforcement officers regarding whether, when, how, and whom to investigate, and whether and when to seek warrants for arrest" constituted discretionary functions. 417 Mass. 250, 256-57, 629 N.E.2d 986 (Mass. 1994) ("[W]e hold that the conduct of law enforcement officials in investigating potentially criminal conduct and in seeking warrants for the arrest of those whom they investigate, are discretionary functions and therefore fall within the exception in § 10(b)."). Nonetheless, the court in *Sena* outlined several exceptions that would not be considered discretionary functions under Section 10(b): (1) when "the conduct of a defendant police officer in investigating a crime or in seeking a warrant violates officially established departmental procedures" or (2) when "an officer . . . carelessly or recklessly misstates or fails to disclose relevant information he has to a magistrate evaluating a warrant application, and thereby subvert[s] the integrity of [the warrant process] by selling [the magistrate] shoddy merchandise without appropriate disclaimers." *Id.* at 257 n.5 (internal quotations omitted); *see also Daley v. Harber*, 234 F. Supp. 2d 27, 33 (D. Mass. 2002) (finding that the City of Boston's reliance upon the holding set out in *Sena* was

unpersuasive because "[i]f an arrest is unlawful, there is no reason for it to be considered discretionary, and thus no basis for immunity from suit under the MTCA").

Here, it would be reasonable for the Court to consider the extreme discrepancy in height and lack of tattoo between the suspect and Plaintiff, information not disclosed to the Clerk Magistrate, as falling outside the bounds of Section 10(b) protection. *Quinn Aff.* 8-9. At this stage the Court agrees with Worcester that Count Two lacks particularity, however, Plaintiff is granted leave to amend under Fed. R. Civ. P. 15(a)(2) in order to plead this count with sufficient detail. Accordingly, Defendants' Motion to Dismiss as to Count Two is denied without prejudice to renew after that filing.

### III. *Counts Three & Four – Federal Civil Rights Violations Under 42 U.S.C. § 1983*

It may be assumed, arguendo, that the factual underpinning of these counts is whether Defendants had "reasonable ground," *i.e.*, "probable cause,"[5] to effectuate Plaintiff's arrest. Both counts, therefore, are tied to that single determination. At this juncture, however, the Court is not concerned with the merits of the claims but rather must determine whether the Complaint demonstrates enough factual detail to create at least a "plausible" claim for a Section 1983 violation. Count Three alleges that Worcester and Police Chief Gemme failed to properly supervise the Officers which resulted in Plaintiff's unconstitutional incarceration. *Pl.'s 1st Am. Compl.* ¶¶ 38-40. Count Four alleges that all Defendants failed to have an "objective, good faith belief" in finding "probable cause" to arrest Plaintiff. *Id.* ¶¶ 41-51. Defendants claim that Plaintiff has failed to plead these counts with sufficient particularity to show that the Officers acted in "reckless disregard, with a high degree of awareness of the probable falsity" of Plaintiff's identity. *Def.'s Mem. Supp. Mot. Dismiss*, 15.

---

[5] Courts have interpreted "reasonable ground" under Massachusetts law to be synonymous with "probable cause." *See, e.g., Santiago v. Fenton*, 891 F.2d 373, 383 (1st Cir. 1989).

A valid Section 1983 claim requires a showing that: (1) "the defendant . . . acted under color of state law" and (2) "his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008); *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 151 (1st Cir. 2006). The First Circuit applies a three-part inquiry to determine what constitutes acting under color of state law: "(1) whether there was an elaborate financial or regulatory nexus between [defendants] and the government . . . which compelled [defendants] to act as they did, (2) an assumption by [defendants] of a traditionally public function, or (3) a symbiotic relationship involving the sharing of profits." *Brown v. Newberger*, 291 F.3d 89, 93 (1st Cir. 2002) (quoting *Ponce v. Basketball Fed'n of P.R.*, 760 F.2d 375, 377 (1st Cir. 1985)). Furthermore, Plaintiff must not only prove that Defendants deprived him of a federally protected right but also that Defendants were the "cause in fact" of that deprivation. *See Soto v. Flores*, 103 F.3d 1056, 1062-63 (1st Cir. 1997); *see also Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Gonzalez-Feliciano*, --- F.3d ---, Nos. 11-1121, 11-1126, 11-1733, 2012 WL 3553610, at *16 (1st Cir. 2012) (noting that simply asserting a violation of a federal statute is not enough to create a Section 1983 claim, "the plaintiff must assert the violation of a federal *right*") (citations omitted).

Here, the Officers clearly acted under the color of state law because they operated within the "traditionally public function" of law enforcement and maintained a "regulatory nexus" with government since they were employees of Worcester during the underlying events that gave rise to this action. The crucial issue remaining is whether Plaintiff was deprived of a constitutional right. According to the Complaint, the constitutional right at issue is the right to be secure from unreasonable searches and seizures and from "unconstitutional incarceration" under the Fourth

Amendment as applied to the states through the Due Process Clause of the Fourteenth Amendment. *See Ringuette v. City of Fall River*, 146 F.3d 1, 4 n.2 (1st Cir. 1998).

"The Fourth Amendment right to be free from unreasonable seizures of the person demands that an arrest be supported by probable cause." *Santiago v. Fenton*, 891 F.2d 373, 383 (1st Cir. 1989) (citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964)). Moreover, it is well established precedent that the protections provided by the Fourth Amendment are inherently fundamental rights guaranteed to all citizens. *See, e.g.*, *Stanford v. Tex.*, 379 U.S. 476, 481, 85 S. Ct. 506 (1965); *Ker v. Cal.*, 374 U.S. 23, 32, 83 S. Ct. 1623 (1963); *Mapp v.* Ohio, 367 U.S. 643, 647-48, 81 S. Ct. 1684 (1961); *Wolf v. People of the State of Colo.*, 338 U.S. 25, 27, 69 S. Ct. 1359 (1949); *Gouled v. United States*, 255 U.S. 298, 303-04, 41 S. Ct. 261 (1921).

Accepting the allegations in the Complaint as true, the Officers used only the still photograph derived from surveillance camera footage to identify the Plaintiff as the perpetrator of the May 8th armed robbery and made no other efforts, besides having had past interactions with the Plaintiff, to corroborate the seemingly blatant discrepancies in physical features between the Plaintiff and the suspect. Because the Plaintiff claims that the Officers did not have probable cause to request an arrest warrant, he has alleged a violation of his Fourth Amendment rights that, at least on its face, is actionable under Section 1983. *See Santiago*, 891 F.2d at 383 (noting that Section 1983 claims are actionable if there was no probable cause for arrest). Accordingly, the Court finds that Plaintiff has satisfied his burden pursuant to Rule 8, therefore, Defendants' Motion to Dismiss as to Counts Three and Four is denied.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is:

1. **DENIED** as to the Officers on **Count One**;
2. **DENIED** without prejudice as to Worcester on **Count Two**; this Court grants the Plaintiff leave to amend under Fed. R. Civ. P. 15(a)(2) in order to plead this count with sufficient detail and particularity;
3. **DENIED** as to Worcester and Police Chief Gary J. Gemme on **Count Three**; and
4. **DENIED** as to all Defendants on **Count Four**.

**/s/ *Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**