# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PABLO RIVERA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 12-40066-TSH** |
| CITY OF WORCESTER, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**April 2, 2014**

Hennessy, M.J.

By Order of Reference dated February 14, 2014, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #73), this matter was referred to me for a ruling on Plaintiff Pablo Rivera's Motion to Preclude Opinion Testimony of Detective Daniel Rosario and Lieutenant John Towns (Docket #62), Motion to Extend the Time for Filing Dispositive Motions (Docket #63), and Motion to Re-Open Discovery and Compel Production of Documents (Docket #68).  Defendants have filed responses to these motions.  (Dockets #70, 72, and 71 respectively).  Pursuant to the same Order of Reference, this matter was also referred to me for a ruling on Defendants' Motion for Sanctions to Preclude Evidence, or, in the Alternative, to Compel Plaintiff's Deposition (Docket #60), which was responded to by Rivera (Docket #66).  A hearing on the motions was held on March 31, 2014.  These matters are now ripe for adjudication.  For the reasons stated on the record, the Court enters the following Order:

1. Rivera's Motion to Preclude Opinion Testimony of Detective Daniel Rosario and Lieutenant John Towns (Docket #62) is **DENIED IN PART AS MOOT**.  At the hearing,

Rivera's counsel affirmatively represented that he would not use the demonstrative video as evidence. Based on that affirmation, defense counsel agreed that she would not call Detective Rosario as an expert witness. With respect to the Motion as it relates to Officer Towns, the Motion is held in abeyance until the parties provide the following information:

    a. By **April 15, 2014**, Defendants shall set forth the exact opinion testimony that Officer Towns will provide as well as his qualifications to give that opinion.

    b. By **April 29, 2014**, Rivera shall respond, indicating any objections he has to Officer Towns' testimony as an expert.

The parties shall state in their papers whether they believe a hearing on the admissibility of Officer Towns' opinion evidence is necessary. Regardless of the parties' position, the Court will independently determine whether such a hearing is required prior to resolution of the issue.

2. The Motion to Extend the Time for Filing Dispositive Motions (Docket #63) is **ALLOWED**. Dispositive motions are due by **June 6, 2014**. Any opposition shall be filed by **June 27, 2014**.

3. Rivera's Motion to Re-Open Discovery and Compel Production of Documents (Docket #68) is **DENIED**. The Court has concluded that Lieutenant Bates' report does not reveal new, relevant information and that Defendants have produced all documents at issue. Defense counsel, however, is hereby **ORDERED** to identify to Rivera's counsel where the documents produced in relation to Officer Towns' deposition may be found.

4. Defendants' Motion for Sanctions to Preclude Evidence, or, in the Alternative, to Compel Plaintiff's Deposition (Docket #60) is **DENIED IN PART AND ALLOWED IN**

**PART**.  Any testimony or evidence that someone confessed to Rivera that they robbed the Honey Farms store is precluded, unless:

  a.  Rivera is deposed by **April 15, 2014**, and

  b.  Attorney Resnic pays $150 to Bay State Court Reporting by **April 15, 2014**.

5.  After reviewing the filings in this case, the Court was left with the mistaken impression that Defendants had alleged that Rivera's current counsel had intentionally altered the surveillance video for a nefarious purpose.  At the hearing, it was made clear that the video was altered by Rivera's counsel in the criminal case who was not Attorney Resnic and that the alteration was made obvious and was not done with any dishonest intent.  In order to prevent anyone else from coming to the same conclusion and to avoid besmirching the name of Attorney Resnic, the Court hereby directs the Clerk to **SEAL** Dockets #62, 64, 70 and their corresponding exhibits.

Finally, the parties are reminded of their duty to comply with the Local Rules, particularly Local Rules 7.1(a)(2) and 37.1.


/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE